The opinion of the Court was delivered by
O’Neall, J.
The grounds of appeal are susceptible of very brief answers.
1. This action is trespass quare clausum fregit. Who could bring it? No one but the owner. A cropper, or overseer, has no interest in the soil, or in the crop growing on it. When made and gathered, he has an interest that the share to which he may be entitled should be specifically laid oiF to him; or that he should receive in money the value of it. In the growing crop he has no legal interest; he could not recover for damages done to it by a stranger. No one save the owner of the land could sue for, or recover for such injury. It is plain, therefore, Kirkpatrick had no legal interest, which could render him incompetent. He might have had an interest in the question, but that went to his credit, and of that the jury were to judge, and have judged.
2. There is no plainer proposition in our law, than that a master is not.liable for the acts of his slave, done outside of his employment, and unauthorized by him. But in this case, how does that rule apply? The defendant, I understand, justified the trespass, under a license to him to pass over the plaintiff’s land. After such a plea, Ido not perceive how he can say that his slave drove his wagon and team over the .plaintiff’s land without his authority. But waiving that, the slave was in his employment; he drove sometimes the way licensed, and sometimes a shorter way, unlicensed. What is the proper legal presumption ? That this was done not by the authority of the defendant? Certainly not. The presumption is the other way. The slave hauling by his authority, is presumed to do every thing with his knowledge, and by his directions, until the con *359 trary appears. This it was his business to show, and failing to do it,- he must abide the consequences.
The motion is dismissed.
Wardlaw, Withers, Whitner, and Munro, JJ., concurred.
Glover, J., absent at the argument.

Motion dismissed.